```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA


EDWARD IACCARINO,              :    No. 4:CV-06-0063
                               :
    Plaintiff,                 :    Complaint filed 01/10/06
                               :
    vs.                        :    (Judge Muir)
                               :
SUPERINTENDENT GRACE, et al.,  :    (Magistrate Judge Blewitt)
                               :
    Defendants                 :
```

**ORDER**

February 27, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This action was initiated on January 10, 2006, when Plaintiff Edward Iaccarino filed a *pro se* civil rights complaint. The six named Defendants are all officers or employees at the State Correctional Institution at Huntingdon, Pennsylvania. Iaccarino claims that the Defendants have violated a number of his constitutional rights as a result of the manner in which they harassed him and one of his visitors, retaliated against him for various reasons, and disciplined him for what Iaccarino alleges to be a false misconduct report.

On January 10, 2006, Iaccarino also filed an application to proceed *in forma pauperis*. On January 11, 2006, an administrative order was issued which authorized prison officials to deduct in monthly installments the filing fee for this action.

The Clerk of Court assigned this case to us and referred it to Magistrate Judge Blewitt for processing. On January 25, 2006, the Magistrate Judge filed a twenty-page report recommending that Iaccarino's application to proceed *in forma pauperis* be granted and that the complaint be dismissed pursuant to the screening provisions of 28 U.S.C. § 1915 for Iaccarino's failure to state a claim upon which relief may be granted.

Magistrate Judge Blewitt specifically held that the allegations in the complaint fail to: 1) implicate any liberty interest; 2) state any retaliation claim against Defendant Seymore; 3) state any constitutional violation with respect to the Defendants' review of Iaccarino's appeal from his disciplinary hearing; 4) establish the personal involvement of Defendants Grace, Lockett, and Hollibaugh in any of the alleged constitutional violations; 5) state any claim resulting from the loss of any protected liberty interest; 6) otherwise fail to state any constitutional claim against any Defendant. Magistrate Judge Blewitt further concluded that Iaccarino should not be allowed an opportunity to amend his complaint because any such attempt would be futile.

As a preliminary threshold matter, we note that the court has not yet ruled on Iaccarino's application to proceed *in forma pauperis*. The information filed establishes Iaccarino's ability

to proceed *in forma pauperis* and we will grant his application to proceed in that manner pursuant to the Prisoner Litigation Reform Act. *See* 28 U.S.C. § 1915(a)(2).

Iaccarino's objections to Magistrate Judge Blewitt's Report and Recommendation were due to have been filed by February 13, 2006. We withheld ruling on the Report and Recommendation for a brief period to see if our receipt of Iaccarino's objections may have been delayed by the fact that Iaccarino is incarcerated. To this date no objections have been filed. When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate. Thomas v. Arn, 474 U.S. 145, 151-52 (1985).

On February 21, 2006, Iaccarino filed a document entitled "Motion for Leave to File an Amended Complaint." The first sentence of that document states as follows: "Plaintiff Ed Iaccarino, pursuant to Rules 15(a) and 19(a), requests leave to file an amended complaint <u>by providing new issues</u>." (Motion for Leave to File an Amended Complaint, p. 1)(Emphasis added)

We initially considered construing Iaccarino's motion as objections to Magistrate Judge Blewitt's Report and Recommendation. We choose not to do so because nothing in Iaccarino's motion addresses the merits of the Report and

3

Recommendation.  We will proceed to treat the Report and Recommendation as though no objection to it has been filed.

In addition, we will not grant Iaccarino's motion to amend his complaint because, as Iaccarino admits, in the proposed amendment he seeks to inject "new issues" into this case.  Our review of his motion indicates that none of the new allegations cures the deficiencies in the complaint which are thoroughly set forth in the Magistrate Judge's Report and Recommendation.  The proposed amendment merely adds new facts to otherwise deficient constitutional claims.  Consequently, the proposed amendment will not be allowed because it would be futile. *See* Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

As noted above, Iaccarino's application to proceed *in forma pauperis* has been granted.  Granting that application triggers our duty to screen the allegations in Iaccarino's complaint before it is served upon the Defendants.  Title 28 U.S.C. § 1915A imposes upon the court a duty to

> review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 1915A(a).  Subsection (b) of that statute allows for the dismissal of any portion of such a complaint which fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).  Magistrate Judge Blewitt screened Iaccarino's

complaint pursuant to § 1915A and concluded that Iaccarino has failed to state a claim upon which relief may be granted.

Magistrate Judge Blewitt's conclusions are amply supported in his twenty-page Report and Recommendation.  Our independent review of the complaint supports those conclusions and Iaccarino has given us no reason to disturb them.

We will adopt the Magistrate Judge's Report and Recommendation as our own and dismiss the complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Iaccarino's application to proceed *in forma pauperis* is granted pursuant to the Prisoner Litigation Reform Act.
2. Magistrate Judge Blewitt's report and recommendation dated January 25, 2006, (Document 6) is adopted *in toto*.
3. Iaccarino's complaint is dismissed because it fails to state a claim upon which relief may be granted.
4. Iaccarino's motion to amend his complaint (Document 7) is denied.
5. The Clerk of Court shall close this case.
6. Any appeal of this order shall be deemed frivolous, without probable cause, and not taken in good faith.

                                            s/Malcolm Muir
                                            MUIR, U. S. District Judge

MM:ga